Jennifer Dillard DONAHUE, Appellant

v.

PIEDMONT AVIATION, INC.

No. 83–1048.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 23, 1983.
Decided Oct. 12, 1983.

Roma J. Stewart, Washington, D.C., with whom Wiley A. Branton, Jr., Washington, D.C., was on the brief, for appellant.

W.T. Cranfill, Jr., Charlotte, N.C., with whom Albert H. Turkus, Washington, D.C., was on the brief, for appellee.

Before TAMM and WILKEY, Circuit Judges, and MacKINNON, Senior Circuit Judge.

PER CURIAM.

## JUDGMENT

This case was heard on the record on appeal from the United States District Court for the District of Columbia. The issues presented here occasion no need for an opinion. *See* D.C.Cir.R. 13(c). On consideration of the foregoing, it is

ORDERED and ADJUDGED by the court, for the reasons stated in the accompanying memorandum, that the District Court's order of November 30, 1982, from which this appeal has been taken, is affirmed.

## MEMORANDUM

Appellant, Jennifer Dillard Donahue, started working as a flight attendant for Piedmont Aviation on April 27, 1978. On January 3, 1979, Donahue informed a Piedmont Operations Control Clerk that she would not accept a flight assignment because her uniform was at the cleaners. Although the Clerk told Donahue that she could wear other clothing in place of her

uniform for this particular flight, Donahue refused to fly. As a result of Donahue's refusal, Piedmont flight 953 from Washington National Airport was cancelled and thirty-five Piedmont passengers were left stranded at the airport. In addition to a financial loss of $1,500, Piedmont suffered an incalculable loss of goodwill.

Piedmont discharged Donahue on January 10, 1979 because of her refusal to fly. Claiming that Piedmont discharged her because of her race, Donahue brought this action under Title' VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. We agree with United States District Judge Charles R. Richey that Donahue failed to show she was discharged because of her race.

 To make a prima facie showing in this case for discriminatory discharge under Title VII, Donahue was required to show by a preponderance of the evidence that (1) she is black; (2) she was discharged; and (3) white employees were retained who engaged in activities comparably serious to the activity for which she was discharged. *See McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273, 281–84, 96 S.Ct. 2574, 2579–80, 49 L.Ed.2d 493 (1976). Donahue failed to make a prima facie case because she did not show that white employees who engaged in comparably serious activities were retained while she was discharged. Significantly, the evidence indicated that only once before in Piedmont's history had a flight attendant *refused* to fly (as distinguished from merely missing a flight); that attendant, a white female, also was terminated.

Moreover, even if Donahue had made a prima facie case, we agree with the district court that it still would have been compelled, pursuant to *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), to issue a judgment for Piedmont:

> Once plaintiff proves her prima facie case, the burden of *production* shifts to defendant to articulate a legitimate nondiscriminatory reason for its challenged employment decision. *Burdine supra.* Defendant met its burden by demonstrat-

ing that plaintiff was discharged because she violated a cardinal rule—she refused to accept a flight to which she had been assigned. Under the *Burdine* allocation of proof, plaintiff then has the burden to prove that defendant's asserted reason is a mere pretext for discrimination. Plaintiff did not sustain this burden.

*Dillard v. Piedmont Aviation, Inc.,* No. 81–0137 Civ. 4 (conclusions of law) (D.D.C. Nov. 30, 1982).

Donahue did not merely miss a flight due to negligence; she refused, without a legitimate reason, to accept a flight assignment. As a direct result of her insubordinate refusal to fly, Piedmont was forced to cancel flight 953, thus leaving thirty-five Piedmont passengers stranded at National Airport. Such obstreperous employee conduct thwarts Piedmont's efforts to provide prompt, reliable air service and need not be tolerated. Piedmont's reason for discharging Donahue was legitimate and non-discriminatory. We therefore conclude that the district court appropriately granted judgment for Piedmont.